I'm from San Antonio, Texas, and I'm representing Bradley Ward. There are two things about this case that stick out for me in terms of our legal arguments. One is the agency, with the authority and power to frame the issues and make the allegations in support of Mr. Ward's removal as it saw fit and did so, failed to support its allegations with substantial evidence or even with a preponderance of the evidence, and the MSPB let them get away with it. Secondly, we contend that the administrative judge acted arbitrarily and capriciously or not in accordance with the law by ignoring the evidence of a causal connection between Mr. Ward's removal and his previous protected activity. The administrative judge, in fact, found that there was, quote, undisputed evidence of record that established that Mr. Ward's removal could have been reprisal for engaging in the protected activity of filing a union grievance. But the judge rejected any notion that there was a causal connection on the basis of her finding that because Mr. Ward, in her opinion, had engaged in the charged misconduct, that the Air Force could not have been motivated by a desire to retaliate against him. And I don't believe that that's what the law is. I believe that the law is that even if he had committed the charged misconduct, the agency could still have been motivated to remove him based on their intent or desire to take reprisal or retaliation against him for engaging in the protected activity. Mr. Mangum, you started by saying there was no evidence to support the charge, but weren't there witnesses that testified and wasn't there a security police report and weren't there emails and weren't there, uh, significant, uh, pieces of evidence that were recovered from the disc drive, uh, that, that seems to me like there's, there's a lot of evidence. There was evidence, Judge. I'm not disputing that there was evidence. I'm just saying that the administrative judge found that the, the agency proved by preponderance of the evidence, the allegations that were made against Mr. Ward, and they had very specific allegations of, in support of their, uh, proposal for removal of Mr. Ward. And they failed to, uh, deuce evidence that proved those specific allegations. In particular, the first, I'm sorry. Well, some of the allegations he, he agreed that to, to the, at least the factual charge, as I understand. I mean, the emails, for example, he didn't dispute that those emails were sent by and, and received by him, correct? Uh, in, in, in some cases he did dispute those emails were sent by him, Judge. Uh. Oh, but there, there are certain of the, the subject emails that he sent you. Certain of the subject emails. That I sent those, yeah. He did admit that he sent. And he does agree that he deleted material from his computer and copied it. That's correct, Judge. He did admit that. So, as I understand it, the only issue that he, a factual issue that he, uh, disputed was the question of the, uh, the, uh, accessing the pornographic websites. Is that correct? No, Judge. That's not correct. Okay. The specific allegation that was made in regard to the, uh, copying and removing of government property or records or information was that he copied and removed records which were in connection with the transaction of official public business. In other words, that he copied official government records. And our contention is that the agency, the Air Force, never proved at the hearing, and the MSPB didn't require them to prove at the hearing, that the documents that he removed were actually official government records. I thought that he had agreed that he had copied onto a flash drive the contents of his computer, which was an official government computer containing official government files. Is that not true? What he testified to at the hearing, Judge, was that he had copied the contents of his personal computer onto a hard drive. Well, personal computer, you say. It was, it was a government computer, correct, that was, that was for his use. Not a laptop is what I meant, Judge. Yes. I'm sorry, a PC, as in personal, as in PC. I'm sorry, I misunderstood you. But, but what his contention was is that the documents, which, by the way, were never offered into evidence themselves at the hearing, so the best evidence of what he actually did copy and, quote, remove from government premises was never offered into evidence. But what he contended was copied and removed onto the, and placed onto the hard drive were his personal working copies of documents that he had been working with as the quality control person on this C-5 schoolhouse contract. But these records were records of government contracts and had social security numbers and things on them, right? So, that's what was testified. They'd have to be government records, too, wouldn't they? What was testified to, Judge, was that there were, there was contractor information and it wasn't specific about what contractor information meant, whether that was the identity of the contractors or the details of the contracts. What was also testified to was that there were documents containing social security numbers. If, if there was any evidence to support the allegation that the Air Force made against Mr. Ward, it was that some of the documents did contain social security numbers. But there's no indication in the record or in the administrative judge's opinion that the copying and removal of those records had any effect, as was alleged, on the transaction of official public business. The second allegation that was made against Mr. Ward was that he received and exchanged documents via email containing inappropriate material, including language of a sexual nature, which were not official or authorized. The agency offered evidence that Mr. Ward sent some inappropriate email messages, but did not offer any evidence that Mr. Ward solicited, received, exchanged, or even accessed the documents that were identified by the, by the Air Force as containing the inappropriate material or the language of a sexual nature. There were two documents. The evidence was that those materials had been on his computer, correct? I mean, that's indisputable. They were found on his computer. That's indisputable. And his position then as to how they got there with a Bradley.Ward, if I understand that as the ID, would be, what would his theory of the case be as to how they got there? Just somebody wandered into his office, found his personal passport, and used his computer? I don't think that's what, I was not counsel for Mr. Ward at the hearing, Judge, so I can't speak to what. Right, but I mean, this isn't a criminal case, so you know, he can't simply, his theory of defense can't be the presumption of innocence. He's got to do better than that. And so we're looking for what, what's, what plausible explanation might there be? You can't simply say, well, yeah, okay, those things you didn't prove. You didn't have a photo of me putting in the search for those materials, and therefore you didn't prove it. What's missing? I'm not disagreeing with you, Judge, but what I'm saying is that the agency, the Air Force has the power and the authority to frame the issues and the allegations that they intend to prove against the person who proposes for removal. In this case, they framed the issues in a certain way, but the evidence that they offered didn't address the issues as they were framed. Well, the issue that was framed, as I understand it, with respect to this charge is that he accessed pornographic sites, and they have evidence that his computer was used to access pornographic sites, and absent having had somebody in the office while he was doing it, if he was doing it, I don't see how they can do much better than that. I just think that simply evidence that that computer, which was devoted to his personal use, was used to access those sites is not sufficient, I take it. I think, and you're talking about the third issue, I believe, right now. I'm talking about the pornographic sites access, that's right. They say he used his government-issued laptop to access and download files from sexually explicit websites, and they went further to allege that the information that he downloaded was pornographic. Right. But, they even admitted in the Notice of Proposed Removal that almost all of the files that they were referencing as being sexual in nature or as pornographic had been corrupted and were inaccessible. Although they had descriptions, I take it, that looked highly suspect, and they released a couple of the sites that actually were preserved and were pornographic, right? There were two files that were covered that were sexually graphic. You're correct, Judge, that they only had a listing, as I understand it, of the actual sites that were accessed by this computer. But because Mr. Ward could not explain how those documents came to be on his computer, the administrative judge in this case departed from the law and shifted the burden of proof to Mr. Ward to say, well, if you can't explain how these documents came to be on your computer, then I'm going to find that you did, in fact, access these files. And I don't think that's what the Air Force proved. I think the Air Force proved only that he could have accessed these sites, not that he actually did. In regard to the last issue of the retaliation reprisal allegation, there was a lot of evidence in the record that what precipitated the sequence of events resulting in Mr. Ward's removal was his filing of a union grievance on June the 7th. The next day, June 8th, Mr. Ward was counseled about his, quote, bad attitude and, quote, discourteous conduct. Less than a week later, he was placed on administrative leave for no stated reason and was threatened with possible removal, again, for no stated reason. On June the 20th, his administrative leave was extended. On July the 3rd, he was reassigned to another unit. On August 22, he was denied access to classified information and the right to unescorted entry into restricted areas. On August 22nd, he was ordered to return all government facility keys in his possession. On August 29, the Air Force's security police was requested to investigate Mr. Ward. And on October 5th… What was the basis of his complaint? Which complaint? What was he complaining of, blowing the whistle about? The union grievance was in reference to the second level supervisor, Lieutenant Colonel Martino, had, over a period of time, been trying to interfere in his performance of his duties, Mr. Ward's performance of his duties. Was it kind of an interpersonal conflict whistle blowing? That's correct, Judge. And we believe… It goes back a long ways, doesn't it? It goes back for at least a year, I believe, Judge. How do we separate that from, they are removing him because they're having a problem with him as an employee in various ways, and yet his complaint is that they're having a problem with me as an employee? I don't think any of the alleged misconduct would have ever come to the attention of the Air Force had they not decided that they needed to remove this person from the workplace because he was making allegations against Lieutenant Colonel Martino. Even though Major Moore, the first line supervisor, was the one who proposed Mr. Ward's removal, she and Lieutenant Colonel Martino apparently had a fairly close relationship and we believe that she was prevailed upon by Lieutenant Colonel Martino to initiate the removal proceedings. Would you like to retain your rebuttal time? Yes, I would, Judge. Thank you. Thank you. Ms. Hogan? Good morning, Your Honors. May it please the Court. The decision of the Merit Systems Protection Board is supported by substantial evidence and should be affirmed. With respect to the first charge of removing and possessing government records, Mr. Ward admitted that he did remove the records. The only issue raised on appeal is whether they met a definition of being official records, and there was no requirement that the agency prove that. There was testimony from Major Moore about the contents of the records that they related to, a contract that Mr. Ward was responsible for overseeing on behalf of the Air Force, and based upon the contents of those records, as testified to by Major Moore, the administrative judge concluded that they were government records that he did not have authorization to remove. That's certainly substantial evidence to support that charge. With respect to the second charge, receiving and exchanging material of sexually explicit nature, again, Mr. Ward does not appear to dispute that he exchanged emails of inappropriate content with someone, and I think it's worth noting, of course, that Mr. Ward had no expectation of privacy in his government computer. So the questions of how the agency found these records, found these emails, and found these files on his computer are largely irrelevant, because Mr. Ward had no expectation of privacy in what he was using his government-issued laptop for. Although it appears in the record that after he removed the files from the computer, the agency sent the computer to specialists to remove those, to see if they could recover those government files, and it was during the course of that investigation that the sexually explicit files and emails were discovered. Finally, with respect to the issue of retaliation, the administrative judge did agree that Mr. Ward had proven the first three elements of retaliation, but had not shown any evidence that there was a genuine nexus between his protected activity and his proposed removal. And to the extent that there was testimony that Mr. Ward presented about his perception that it was retaliation, the administrative judge credited the testimony of Major Moore and Lieutenant Colonel Rollicutt, who both testified that he was removed for his misconduct and for no other reason. And in fact, Lieutenant Colonel Rollicutt was not even aware of the grievances. I think if the court has no further questions, I respectfully request that the court affirm the judgment. Thank you. We have about two minutes remaining. Thank you, Your Honor. I will only address the last issue that was discussed by opposing counsel, that is the issue of causal connection. It is true that both Lieutenant Colonel Rollicutt, who was the deciding official, and Major Moore, who was the opposing official, stated that they did not consider Mr. Ward's protected activity in determining to remove him, but I would hazard a guess that no deciding official has ever said, yes, that's what I considered when I decided to remove Brad Ward. I think that the sequence of events that preceded the first proposal for removal, which by the way was withdrawn because I believe that the agency knew that they could not prove that allegation, establishes the causal connection. And that's all I have to say, Judge. All right. Thank you, Mr. Mangan.